County of Ellis v. Wilson 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-021-CV

     COUNTY OF ELLIS, THROUGH ITS ELLIS
     COUNTY COMMISSIONERS COURT,
                                                                                              Appellant
     v.

     GORDON W. WILSON, ARCHITECT AND PLANNERS, INC.,
                                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 43,088
                                                                                                    

O P I N I O N
                                                                                                    

      Ellis County appeals the judgment entered by the trial court in a breach-of-contract action
brought by Gordon Wilson, Architect and Planners, Inc. Because the county has waived its
complaints, except with regard to the trial court's award of prejudgment interest, we affirm the
judgment as modified.
      In points one and two the county contends that the court erred in denying its motion for
instructed verdict and its motion for judgment notwithstanding the verdict, arguing that, as a
matter of law, the contract was void or, in the alternative, that the county complied with the terms
of the contract. The jury returned a verdict in favor of Wilson, awarding breach-of-contract
damages of $64,200 and attorneys' fees of $6825. The court granted the county's motion to
disregard the jury's finding on attorneys' fees but denied its motion for judgment notwithstanding
the verdict. The county, however, then filed a motion for judgment based on the jury's finding
of actual damages, disregarding the jury's finding of attorney's fees, and denying Wilson's request
for prejudgment interest. The court rendered a judgment that differed from the judgment
requested by the county only in that it awarded prejudgment interest on Wilson's actual damages.
      The county may not move the trial court to enter judgment on the verdict and then, on appeal,
take a position inconsistent with the portion of the judgment that it requested.


 A litigant cannot
ask something of the court and then complain that the court committed error in giving it.


 When
the record on appeal establishes that the trial court entered its judgment in compliance with the
appellant's motion for judgment, all inconsistent complaints by the appellant about the trial court's
action in so doing are foreclosed.


 As a result, the county cannot now complain that the court
erred in denying its motion for judgment notwithstanding the verdict. Therefore, we overrule
points of error one and two.
      In point three the county contends that the court erred in awarding prejudgment interest to
Wilson. The judgment awarded prejudgment interest on Wilson's actual damages, calculated at
the rate of six percent per annum, and compounded annually from May 23, 1987, to the date of
judgment. Because the county's motion for judgment is consistent with its position in point three,
it has not waived its right to complain about the trial court's award of prejudgment interest.


 
      Prejudgment interest is recoverable as a matter of right when a sum of money is determined
to have been due and payable at a date certain prior to judgment.


 Had the jury been asked to
determine Wilson's damages as of April 23, 1987, the effective date of the contract termination,
Wilson would have been entitled to prejudgment interest from May 23, 1987, to the date of
judgment.


 However, the jury was asked, "What sum of money, if any, if paid now in cash,
would fairly and reasonably compensate Gordon W. Wilson, Architect and Planners, Inc.?" 
(Emphasis added). Because the jury's answer fixed the amount of damages as of the date of its
verdict, rather than from the date the contract was terminated, Wilson is entitled to prejudgment
interest only from the date of the verdict to the date of judgment.



      Although Wilson sought actual damages, including architectural fees and reimbursable
expenses, totalling $67,488.60, the jury awarded only $64,200 in actual damages. It is impossible
to determine what elements of damages the jury considered in reaching its actual-damages finding. 
Therefore, the answer does not clearly reflect only those damages that had accrued as of the date
of termination.


 As a result, we must presume that the jury—although it apparently believed that
one or more elements of the requested damages was not justified by the evidence—followed the
court's instructions to fix the actual damages as of the date of the verdict. Accordingly, we sustain
point of error three and modify the judgment to award prejudgment interest on Wilson's actual
damages of $64,200, calculated at the rate of six percent per annum, and compounded annually
from November 11, 1992, to December 23, 1992.
      We affirm the judgment as modified.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed as modified
Opinion delivered and filed June 30, 1993
Do not publish